This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38137**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JARED YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## DECISION

**HANISEE, Chief Judge.**

**{1}** Jared Young (Defendant) appeals from his conviction of unlawful assault on a jail pursuant to NMSA 1978, Section 30-22-19 (1963). On appeal, Defendant solely contends that he was improperly charged and convicted of assault on a jail because the "purpose of the crime has always been to deter unauthorized invasions into the physical territory of a jail." In making this argument, Defendant asks us to overturn our recent holding in *State v. Anderson*, 2021-NMCA-031, 493 P.3d 434, *cert. granted*, 2021-NMCERT-___ (No. S-1-SC-38782, June 28, 2021).

**{2}**      In *Anderson*, we considered the same facts giving rise to this case, conducted a full statutory analysis of Section 30-22-19—including its historical basis—and after applying our constitutional vagueness test, upheld Section 30-22-19. *Anderson*, 2021-NMCA-031, ¶¶ 3-4, 9-12. After reviewing the briefing, the authorities cited therein, and the record before us, we conclude that *Anderson* controls in the present case, and therefore consider Defendant's arguments to be without merit. *See id.* ¶ 10 ("While [the d]efendants correctly point[ed] out that prosecutions for assault on a jail have departed from the historical understanding of the crime, nothing in our jurisprudence or the language of the statute itself" requires "an external invasion into the physical boundaries of the jail for the purpose of procuring the escape of prisoners or similarly interfering with the lawful confinement of prisoners[.]" (internal quotation marks omitted)). Accordingly, we affirm.[1]

**{3}      IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**

---

[1]We note that should Defendant seek to petition for certiorari, our holding today does not preclude him from doing so.